IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHRISTIAN ESPINOSA SIERRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| ATLANTIC HOUSING PARTNERS, ) | |
| L.L.L.P., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## COMPLAINT

COMES NOW the Plaintiff, CHRISTIAN ESPINOSA SIERRA, ("PLAINTIFF"), and files this Complaint against Defendant, ATLANTIC HOUSING PARTNERS, L.L.L.P. ("DEFENDANT") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for violations of the Family and Medical Leave Act ("FMLA").

2. At all material times, PLAINTIFF was a citizen and resident of Sumter County, Florida.

3. At all material times, DEFENDANT was a Florida limited liability limited partnership, with its principal place of business in Winter Park, Florida. DEFENDANT provides property management services to properties in Longwood and Winter Springs and PLAINTIFF performed work for DEFENDANT in Longwood and Winter Springs.

## BACKGROUND

4. On or about April 29, 2019, DEFENDANT hired PLAINTIFF to work as a property manager and PLAINTIFF worked in that capacity until DEFENDANT terminated him.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by The Family and Medical Leave Act.

7. At all relevant times, PLAINTIFF was qualified to perform his job as a property manager.

8. In or around June 2020, PLAINTIFF needed to be hospitalized for four days after he was Baker Acted.  PLAINTIFF immediately informed the DEFENDANT by having his wife call DEFENDANT.

9. Following his release, PLAINTIFF was instructed by his physician to remain out of work for 90 days to recover.  PLAINTIFF was not released to return to work until October 15, 2020.

10. As part of his return to work, PLAINTIFF'S doctor advised that PLAINTIFF would need the reasonable accommodation of not being required to work weekends due to medications he was taking to treat his serious health conditions of anxiety, post-traumatic stress disorder, depression and bipolar disorder and the effect these medications had on his driving.

11. DEFENDANT refused to allow PLAINTIFF to return from his medical leave, stating that DEFENDANT could not allow PLAINTIFF to return to work with his restrictions and DEFENDANT terminated PLAINTIFF on October 15, 2020.

12. At the time of his termination, PLAINTIFF requested to be demoted from his management position to a ground crew position because the ground crew position did not require PLAINTIFF to be on call.

13. DEFENDANT denied PLAINTIFF'S request and told him that he would need to reapply and start from the beginning.

14. All conditions precedent to this action have occurred or been waived.

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

15. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

16. Upon information and belief, DEFENDANT employs and at the time of PLAINTIFF'S termination, employed within a 75 miles radius, 50 or more employees for each working day, during each of 20 or more workweeks per year/year prior.

17. In June 2020, PLAINTIFF advised DEFENDANT that he suffered from a serious health condition, namely a situation for which he was required to be out of work for more than three consecutive days and which required follow-up treatment including medications and intensive outpatient therapy.

18. When PLAINTIFF attempted to return to work, DEFENDANT initially told PLAINTIFF that he would not be able to return to work with restrictions and terminated his employment.

19. DEFENDANT interfered with PLAINTIFF'S right to take unpaid leave from work under the Family and Medical Leave Act and/or retaliated against him for doing so.

20. PLAINTIFF had a "serious health condition," namely an injury, impairment or mental condition that involved inpatient care in a hospital or other care facility, and continuing treatment by a health care provider.

21. PLAINTIFF gave appropriate notice of his need to be absent from work by notifying DEFENDANT as soon as practicable after he learned of the need for leave.

22. DEFENDANT retaliated against or otherwise interfered with the exercise of PLAINTIFF'S right to unpaid leave, *inter alia*, by: 1) terminating his employment; and 2) refusing to allow PLAINTIFF to return to his job, or to an equivalent position, upon return from leave.

23. Upon information and belief, DEFENDANT deliberately chose to avoid researching whether its conduct violated the FMLA or affirmatively evaded the law.

24. DEFENDANT'S violation of the FMLA was willful.

25. As the actual, proximate, and legal result of that violation, PLAINTIFF suffered significant economic harm, including lost wages and benefits.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to his former position, liquidated damages, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the FMLA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

5

Dated:  October 21, 2020

        Respectfully submitted,

        **THE LAW OFFICE OF MATTHEW BIRK**


        **/s/ Matthew W. Birk**
        **Matthew W. Birk**
        Florida Bar No.:  92265
        309 NE 1st Street
        Gainesville, FL  32601
        (352) 244-2069
        (352) 372-3464 FAX
        mbirk@gainesvilleemploymentlaw.com
        ATTORNEYS FOR PLAINTIFF